UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. DONLEY, Sr., *et al.*, )<br>)<br>      **Plaintiffs,** )<br>)<br>v.                                    )<br>)<br>Bank of New York Mellon, *et al.*,  )<br>)<br>      **Defendants.** | Case No.: 14-655 JPG/SCW |

**MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Decision One Mortgage Company, LLC:

> **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Notice of Removal states the principal place of business for Decision One Mortgage Company, LLC and Bayview Loan Servicing, LLC but does not plead the citizenship of each of the LLC's members.

> **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is

appropriate if a plaintiff fails to make such allegations.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  The Notice of Removal states that Mortgage Electronic Registration Systems, Inc. is a Delaware Corporation but does not state its principal place of business.

The Court hereby **ORDERS** that defendant Decision One Mortgage Company, LLC shall have up to and including July 8, 2014 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Defendant Decision One Mortgage Company, LLC is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: June 24, 2014**

> *s/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**